UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JILL DEFERRO, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-08-0879 |
| | § | |
| PATRICK O'CONNER & ASSOC., LP, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

This employment discrimination and retaliation case is before the court on defendant Patrick O'Conner & Associates, L.P.'s (O'Conner's) motion for summary judgment (Dkt. 21). O'Conner's motion is denied.

## Background

The following facts are undisputed. Plaintiff DeFerro worked at O'Conner from February 2006 through July 2006 as a "team lead" in its property tax protest office.[1] DeFerro informed her immediate supervisor, Georg-Ann Flores, that she was pregnant in April or May 2006. On July 17, 2006, DeFerro's second-line supervisor, John Piccandria, demoted her to seasonal intern. The next day, DeFerro complained about her demotion to the Human Resources Department. The day after that, July 19, 2006, O'Conner fired DeFerro.

---

[1] DeFerro had previously worked for O'Conner in 2005 as an intern, but the events giving rise to this lawsuit occurred during her 2006 employment.

**Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

The standard for granting summary judgment in Title VII cases is by now too familiar to warrant extended recitation. *Reeves v. Sanderson Plumbing Prods., Inc.*, succinctly summarizes the appropriate inquiry:

> Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

530 U.S. 133, 148-49 (2000). The court must draw all reasonable inferences in favor of the non-movant, and disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* at 150-51. Trial courts should not treat discrimination differently than other ultimate questions of fact for purposes of Rule 50 or 56. *Id.* at 148.

**Analysis**

O'Conner contends that DeFerro cannot create a genuine issue of material fact as to whether her termination was motivated by gender or pregnancy discrimination or retaliation. The court disagrees.

DeFerro was rehired and given a promotion in February 2006 after having voluntarily quit only a few months before. DeFerro testifies that her supervisor, Flores, began treating her badly in Spring 2006. DeFerro has also presented some evidence that male colleagues were treated differently than her during this period. It does not appear that any of DeFerro's supervisors documented or warned DeFerro about any performance issues before her demotion in July 2006. Piccandria told DeFerro she was being demoted because she could not work enough hours, but DeFerro has presented time records indicating that she worked 95 hours in the two weeks prior to her demotion. Thus, a jury could reasonably conclude that the only change in circumstances between February and July 2006 was DeFerro's pregnancy.

DeFerro was told she was fired on July 19 because of lack of production on July 18, but DeFerro denies having left any work undone that day. At the very least, the suspicious timing of DeFerro's termination, coming the day after her complaint to Human Resources, is sufficient evidence of a causal connection in this case to survive summary judgment. *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997); *LeMaire v. Louisiana Dept. of Transp. and Dev.*, 480 F.3d 383, 390 (5th Cir. 2007).

**Conclusion and Order**

The court concludes that fact issues preclude summary judgment in this case. O'Conner's motion for summary judgment (Dkt. 21) is denied. This case remains set for jury trial on June 15, 2009.

Signed at Houston, Texas on May 29, 2009.

                                                    _____
                                                         Stephen Wm Smith
                                                    United States Magistrate Judge